**UNITED STATES of America**

**v.**

**William YOCCO.**

**Criminal Action No. 96–431–1.**

United States District Court,
E.D. Pennsylvania.

Jan. 8, 1997.

J. Michael Farrell, Philadelphia, PA, for William Yocco.

Linda Dale Hoffa, U.S. Attorney's Office, Philadelphia, PA, for U.S.

## ORDER—MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 8th day of January, 1997, upon hearing held December 2, 1996, and as announced that day in court, defendant William Yocco's motion to suppress is denied. The following findings are made:

The testimony of the government witnesses is credible and substantially worthy of belief, and the government has met its burden of proving that the law enforcement officers acted lawfully and did not violate defendant's rights.

■ Defendant's arrest without a warrant was lawful. Based on all the circumstances, Detective Dale had probable cause to believe that defendant was a co-conspirator with Anthony Staples to sell a stolen backhoe and that defendant was illegally in possession of the backhoe he had driven to Sunshine Motors and had guilty knowledge that it was stolen property.

■ Thereafter, even if defendant had standing to challenge the detectives' entry into the yard off Pennypack Street, the entry without a search warrant was legal. It was reasonable for the detectives to enter and investigate the yard from which they believed the stolen backhoe had been driven. Other individuals could have been involved in the crime, and criminal evidence in the yard might have disappeared if not pursued at that time. Since the detectives were legally present in the yard, and the VIN number on the backhoe in the yard was in plain view, the evidence that this second backhoe was also stolen, was not illegally obtained. This information, in conjunction with the other facts known to the affiant, constituted credible and reliable evidence establishing probable cause for the subsequent issuance of the search warrant. Given the exigent circumstances, the securing of the yard was also reasonable.

■ Although it is a close question, the inclusion of the building in the search warrant was not overly broad. It was reasonable to believe that criminal evidence could be found within the building, considering that the adjacent yard contained two stolen backhoes as well as the truck defendant had driven immediately before driving the backhoe to Sunshine Motors.

Accordingly, the motion for suppression was denied.